**Palande Liyanage Seawal N. PERERA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71628.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

Palande Liyanage Seawal N. Perera, Van Nuys, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Timothy P. McIlmail, Jennifer A. Parker, Jennifer A. Parker, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON, and CALLAHAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Palande Liyanage Seawal N. Perera, a native and citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals' order dismissing his appeal of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

The IJ determined that Perera was not credible based on significant inconsistencies between the story Perera told in his asylum application and to an asylum officer, and the story he told during his testimony before the IJ. For example, Perera's application and the notes from the asylum interview state that an unknown group attacked him and firebombed his shop. The asylum officer noted that when asked who might have attacked him, Perera stated that probably some business people attacked him. Perera then testified at the hearing that one of the men that participated in both attacks on Perera wore a police uniform and badge. The inconsistencies in Perera's story relate to central facts in his asylum claim, and therefore substantial evidence supports the IJ's adverse credibility finding. *See Singh–Kaur,* 183 F.3d at 1151.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Perera's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the

motion for stay of removal and this stay will expire upon issuance of the mandate.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

